In the

# United States Court of Appeals

### For the Seventh Circuit

———————————

No. 21-1070

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

VINCENT MERRILL,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:16-cr-00114-1 — **John Z. Lee**, *Judge.*

———————————

ARGUED DECEMBER 14, 2021 — DECIDED JANUARY 18, 2022

———————————

Before SYKES, *Chief Judge*, and HAMILTON and ST. EVE, *Circuit Judges.*

HAMILTON, *Circuit Judge*. Appellant Vincent Merrill pleaded guilty to producing and possessing child pornography. He appeals the denial of his motion to withdraw his pleas. He argues that he received ineffective assistance from his former attorneys in the form of an erroneous explanation of the elements of the production offense. As explained below, Merrill's attorneys' advice was

sound, and in any event he has not shown prejudice from the supposedly erroneous advice. We therefore affirm Merrill's convictions.

I.   *Facts and Procedural History*

Merrill pressured several young girls, each twelve or thirteen years old, to take and send him sexually explicit photographs of themselves. In each case, he met the child on an internet chat site and engaged her in text-message conversations that became sexual. Central to this appeal are his interactions with a child, Minor A, who began chatting online with Merrill when she was thirteen and Merrill was twenty-five. By text message, Merrill asked many times for sexually explicit "pics." In response, Minor A texted him photographs matching his descriptions. Over about eight months, Merrill persuaded Minor A to take at least six sexually explicit photographs of herself and to send them to him in text messages. He knew that she was younger than eighteen years old.

Merrill was indicted in February 2016 for two counts of producing child pornography, both involving Minor A, 18 U.S.C. § 2251(a); two counts of receiving child pornography, involving Minor A and another minor victim, 18 U.S.C. § 2252A(a)(2)(A); and one count of possessing child pornography of Minor A and four other minor victims, 18 U.S.C. § 2252A(a)(5)(B). He eventually pleaded guilty to one count each of producing and possessing child pornography with respect to Minor A. His written plea agreement included transcripts of several text-message exchanges in which he asked Minor A for sexually explicit photographs and she sent them. The agreement specified that Merrill "knowingly used, persuaded, induced and enticed

Minor A to engage in sexually explicit conduct that involved lascivious exhibition of Minor A's genitalia, for the purposes of having Minor A take a photograph of the sexually explicit conduct."

At the change of plea hearing, the district court placed Merrill under oath and engaged in a thorough colloquy under Rule 11 of the Federal Rules of Criminal Procedure. Merrill testified that he had read the plea agreement, discussed it with defense counsel, and understood it. The government recited the factual basis as set forth in the plea agreement, including: "At defendant's direction Minor A took photographs of herself that involved the lascivious exhibition of her genitals . … And then she sent those photographs to the defendant via text message at his direction." When asked whether the government's facts were accurate, Merrill replied: "Yes I did do that. I just don't remember because it was so long ago. But … it says I did it because it was on my phone." Defense counsel interjected to explain that, based on his conversations with Merrill, "it's not that he doesn't remember anything about the offense. It's that he doesn't remember certain details." The judge asked Merrill whether he remembered "soliciting photographs and possessing the types of photographs that are set forth in the plea agreement." Merrill confirmed that he did.

Days before the scheduled sentencing hearing, new counsel appeared for Merrill. His new counsel moved to withdraw his guilty pleas. Merrill's motion and supplemental affidavit asserted that his two former attorneys, Pablo deCastro and Summer McKeivier, "never explained to him what it means to produce child pornography under the law" and "never explained what the elements of the production

charge were or what the government was required to prove to establish his guilt." He argued that these omissions constituted ineffective assistance and caused him to plead guilty unknowingly and involuntarily. (He made other arguments but has not pursued them in this appeal.)

The district court held an evidentiary hearing at which Merrill and attorneys deCastro and McKeivier all testified. Merrill swore that neither attorney had ever explained to him the elements of the production charge. Moreover, he continued, they both said that he could be found guilty of production solely because he "asked for the photo and received the photo and it was on my phone," and that he would not have pleaded guilty if he had not believed that "merely having and asking for the photo made me guilty of production."

Merrill's former lawyers each testified to having explained to Merrill the differences among the three charges and how the evidence established each element of the production charge. Specifically, each told Merrill that he could be convicted of production based on proof that he had asked the minors to take and send the sexually explicit photographs and that the minors had done so at his request. They had also discussed the text-message transcripts on the phone with Merrill (although he did not receive copies of the transcripts) and explained how the government could use them to prove each element of the production charge.

The district judge denied Merrill's motion to withdraw his pleas. The judge credited the attorneys' testimony and found that Merrill's contrary assertions that his lawyers never explained the elements of the production charge were "simply not credible." The judge also observed that Merrill's assertion

that he received ineffective assistance was undermined by his testimony at the change-of-plea hearing that he was satisfied with their representation and that he had read and understood the plea agreement.

II. *Analysis*

Merrill renews his ineffective-assistance argument on appeal and adds that the district judge overlooked a legal error in deCastro's and McKeivier's advice. He does not challenge the district judge's credibility findings or dispute either attorney's testimony. Rather, Merrill maintains that both attorneys were "flatly wrong" when they told him that he could be convicted under § 2251(a) based on evidence that a minor, at his request, took and sent him sexually explicit photographs. According to Merrill, his attorneys failed to tell him that the government would also need to show that he asked to see the minors' bodies *for the purpose of* producing images. He implies that, as a result, he pleaded guilty when he otherwise would not have. (Although Merrill seems to seek withdrawal of his pleas to both production and possession, his appellate arguments address only the production count.)

We review the denial of Merrill's motion to withdraw his pleas for abuse of discretion, though factual findings, including whether a plea was entered knowingly and voluntarily, are reviewed for clear error. See *United States v. Barr*, 960 F.3d 906, 917 (7th Cir. 2020). Under Federal Rule of Criminal Procedure Rule 11(d)(2)(B), once a court accepts a guilty plea, the defendant may withdraw it only for a "fair and just reason." Ineffective assistance of counsel that leads to the involuntary or unknowing entry of a guilty plea can be such a reason. See *Barr*, 960 F.3d at 917–18. In assessing whether a defendant received ineffective assistance, this court applies the familiar

standard of *Strickland v. Washington*, 466 U.S. 668 (1984), asking whether the attorney's performance was objectively unreasonable and whether, but for the deficient performance, the defendant would not have pleaded guilty. See *Barr*, 960 F.3d at 918.

A. *Performance*

Merrill fails to demonstrate deficient performance by his former attorneys. The record shows that they gave him sound advice. Merrill is correct that he may be convicted under § 2251(a) only if he acted for the purpose of producing a visual depiction of sexually explicit conduct. *United States v. Fifer*, 863 F.3d 759, 768 (7th Cir. 2017). But the fact that Merrill demanded Minor A take and send him sexually explicit photographs was sufficient to show that his purpose was, at least in part, to induce the production of those images. It need not have been his only purpose. See *id*. Merrill has never suggested that he had any other purpose, and we recently upheld a conviction under § 2251(a) based on similar facts. *United States v. Fredrickson*, 996 F.3d 821, 825 (7th Cir. 2021) ("From the moment Fredrickson persuaded [a minor] to record and send him sexually explicit videos, he committed a federal crime [under § 2251(a)] … .").

Merrill also argues that his former lawyers performed deficiently because, no matter whether and how the attorneys explained the offense of production, they failed to ensure that Merrill understood. He believed—wrongly, he now says—that he could be convicted if a minor merely *sent* him an explicit photograph at his request, and did not understand that the government had to prove that the minor also *took* the photograph at his request.

We need not wade into the distinction between asking a minor to take and send photographs and asking her to send already existing photographs. Merrill admitted to asking Minor A *to take and send* photographs. At the change-of-plea hearing, he testified that he had read and understood his plea agreement, which specified that he knowingly induced Minor A to "take," not just send, an explicit photograph. Merrill later swore that, at the time he pleaded guilty, he did not in fact understand the elements of the production charge, but he has not met the "heavy burden" on defendants who wish to contradict their own sworn statements. *United States v. Smith*, 989 F.3d 575, 582 (7th Cir. 2021). As we have noted repeatedly, "a motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction." *United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005). Judge Lee handled the motion to withdraw carefully and thoroughly. He did not abuse his discretion in rejecting Merrill's assertions.

B. *Prejudice*

Merrill's ineffective-assistance arguments also fail because he cannot show prejudice. Even if he were correct that his lawyers did not adequately explain the production charge, he would need to show a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty … ." *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017), quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Merrill's argument that no such showing is required is without merit; he was not deprived of counsel or otherwise subjected to a structural error. See *Greer v. United States*, 141 S. Ct. 2090, 2100 (2021) (omission of element from jury

instructions or plea colloquy is not structural error); *Neder v. United States*, 527 U.S. 1, 8 (1999) ("[W]e have found an error to be 'structural,' and thus subject to automatic reversal, only in a 'very limited class of cases.'").

To show prejudice, the best Merrill can do is point to statements in his motion to withdraw and at the evidentiary hearing swearing that he would not have pleaded guilty if he had fully understood the charge. Such "post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies" are not, alone, grounds for withdrawing his pleas. *Lee*, 137 S. Ct. at 1967. In addition, as explained above, the government's evidence of production was sufficient for a conviction. To the extent Merrill suggests that the minors sent him only existing photographs already in their possession, this assertion lacks any support in the record. One text-message exchange described a real-time photo shoot directed by Merrill. On a different occasion, Merrill demanded "nude pics" and told Minor A to "go to the bathroom and send some," suggesting she needed privacy to take the pictures—at that time.

Merrill argues that the court erred in accepting his pleas in the first place because he said at his change-of-plea hearing that he remembered only asking the minors to send photographs. In his view, this testimony demonstrates that he did not remember asking anyone to take pictures, and so he must have misunderstood the elements of the offense—he would not have intentionally pleaded guilty to something that he did not remember doing.

The argument mischaracterizes the change-of-plea testimony by taking a piece out of context. Merrill actually testified that he knew the facts set forth in the plea agreement

were accurate even though he lacked an independent recollection of some details. After Merrill said, "yes I did do that. I just don't remember it because it was so long ago," his attorney clarified: "I don't think he is trying to say he doesn't remember the offense in general. I think he is saying, he doesn't remember specific details and takes—accepts as true the evidence that's been presented from his phone, and helps him fill in the details in his memory … ." Merrill did not dispute this characterization. The judge, with commendable care, questioned Merrill further and confirmed that he indeed remembered "engaging in the conduct the government describe[d]."

Finally, Merrill appears to argue that his former lawyers were obliged to list for him each element of his offense in the abstract—that is, without reference to the government's evidence or his own conduct. He criticizes their approach of describing the production charge by explaining how the text messages could prove each element. This rather fine distinction, which would require courts to micromanage counsel's work, has no support in case law. The Sixth Amendment right to counsel does not require defense counsel to discuss with their clients irrelevant hypothetical or abstract questions. Far better to focus on the evidence against the particular defendant and the government's theories and defenses available in the particular case.

The judgment of the district court is AFFIRMED.