NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 31, 2022
Decided August 31, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 22-1230

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 20-CR-10052-001 |
| RODNEY BRAZELTON, *Defendant-Appellant.* | James E. Shadid, *Judge.* |

**O R D E R**

Rodney Brazelton pleaded guilty to distributing crack cocaine. *See* 21 U.S.C. § 841(a)(1), (b)(1)(c). He later sought to withdraw his plea, but the district court denied his request and sentenced him to the term to which he agreed in his plea deal—time served (11 months in federal custody and 5 months in state custody) and three years' supervised release. Brazelton appeals, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Because counsel's brief appears thorough, we limit our review to the subjects he discusses and those that Brazelton raises in response. *See* CIR. R. 51(b); *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first considers whether Brazelton could challenge the voluntariness of his plea. But counsel does not tell us, as he should, whether he consulted and advised Brazelton about the risks and benefits of challenging the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Counsel's oversight is harmless, however, because we agree with him that any challenge to the plea would be frivolous. The court accepted Brazelton's plea after conducting a colloquy that substantially complied with Rule 11 of the Federal Rules of Criminal Procedure. The court determined that Brazelton understood, for instance, the nature of the charges, the trial rights he was waiving, and the maximum penalties for his offense. *See* FED. R. CRIM. P. 11(b)(1). The court informed Brazelton that he had the right to the assistance counsel at every stage of the proceedings, and Brazelton confirmed under oath that he was satisfied with his representation. The court further ensured that the plea was supported by an adequate factual basis and made voluntarily. *See* FED. R. CRIM. P. 11(b)(2)–(3). The court also answered all of Brazelton's questions, and Brazelton confirmed under oath that his medications did not hamper his ability to understand the agreement.

Relatedly, counsel considers whether Brazelton could challenge the denial of his motion to withdraw. Nearly a month after he entered his plea, Brazelton moved to withdraw it based on the effect his medications had on his understanding of the agreement. But counsel appropriately declines to raise this argument, given that Brazelton's reason to withdraw his plea plainly contradicted his sworn statements during the plea colloquy. *See United States v. Merrill*, 23 F.4th 766, 770 (7th Cir. 2022); *United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005).

Counsel, along with Brazelton, also considers whether Brazelton could raise a non-frivolous challenge to his plea agreement based on either his innocence or the insufficiency of the indictment. But counsel appropriately points out that Brazelton waived those challenges by pleading guilty and agreeing with the government's factual basis. *See United States v. Robinson*, 964 F.3d 632, 640 (7th Cir. 2020); *United States v. Wheeler*, 857 F.3d 742, 745 (7th Cir. 2017).

Finally, Brazelton argues that his attorney in the district court pressured him into taking the plea deal. But as counsel properly explains, claims of ineffective assistance of counsel are best saved for collateral review, where an evidentiary foundation can be developed. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Cates*, 950 F.3d 453, 457 (7th Cir. 2020).

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.